# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    PLAINTIFF,

vs.                                          CASE NO. 19-40072-01/04-HLT

PAIGE JONAS (01),
TREVONN HALL (02),
ALYSSA HEDMON (03),
ERIC JEROME TUCKER (04),
    DEFENDANT.

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

**AT ALL TIMES MATERIAL TO THIS INDICTMENT**

1. Hydrocodone was a Schedule II controlled substance and was found in or marketed as Lortab. Lortab pills were referred to in common vernacular as "tabs."

### COUNT 1
### CONSPIRACY TO DISTRIBUTE AND
### POSSESS WITH THE INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

2. Beginning on a date unknown to the Grand Jury but before November 12, 2018, and continuing to on or about the return of this Indictment, in the District of Kansas and elsewhere, the defendant,

**PAIGE JONAS,
TREVONN HALL, and
ALYSSA HEDMON,**

1

combined, conspired, confederated, with other persons known and unknown to the Grand Jury, to violate one or more of the following controlled substance laws of the United States, namely:

a. to distribute and possess with the intent to distribute mixtures and substances containing a detectable quantity of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

b. to distribute and possess with the intent to distribute mixtures and substances containing less than five kilograms of a detectable quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

c. to distribute and possess with the intent to distribute mixtures and substances containing hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

2. It is further alleged that the overall scope of the conspiracy involved 50 grams or more of a mixture and substance containing a detectable quantity of methamphetamine and that such quantity was reasonably foreseeable to each defendant as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to him or her in violation of Title 21, United States Code, Section 841(b)(1)(B);

3. All the aforementioned conduct in violation of Title 21, United States Code, Section 846, with reference to Title 21, United States Code, Sections 841(b)(1)(B) and (D) and Title 18, United States Code, Section 2 -- Aiding and Abetting.

### COUNT 2
### CONSPIRACY TO COMMIT AN OFFENSE AGAINST THE UNITED STATES

4. Beginning on a date unknown to the Grand Jury but on or before March 29, 2019 and continuing to on or about April 3, 2019, in the district of Kansas, the defendants,

**PAIGE JONAS,** and
**TREVONN HALL**,

combined, conspired, confederated, and agreed with each other to commit an offense against the United States, namely, to make a false statement during the purchase of a firearm in violation of Title 18, United States Code, Section 922(a)(6).

### Object of the Conspiracy

5. The object of the conspiracy was for **PAIGE JONAS** to represent herself as the actual buyer of a firearm while in order to surreptitiously acquire the same for **TREVONN HALL** who both parties believed to be prohibited from purchasing a firearm.

### Manner and Means

6. It was part of the conspiracy that Paige Jonas would acquire a firearm from American Cash Exchange in Manhattan, Kansas.

7. It was further part of the conspiracy that Trevonn Hall would instruct Paige Jonas on which firearm to purchase.

8. It was further part of the conspiracy that Paige Jonas would execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473 identifying herself as the actual buyer in order to acquire the firearm;

9. It was further part of the conspiracy that upon completion of the sale, Paige Jonas would transfer the firearm to Trevonn Hall's possession.

### Overt Acts

10. Beginning as early as November 27, 2018 Paige Jonas and Trevonn Hall sent and received electronic communications through Facebook Messenger.

11. On March 29, 2019, Trevonn Hall sent a message to Paige Jonas using Facebook Messenger instructing Jonas to acquire, *inter alia*, a fifty (50) round box of .45 caliber ammunition.

12. On March 31, 2019, law enforcement seized a .45 caliber firearm from Hall's possession and informed Hall he was prohibited from owing a firearm;

13. On April 3, 2019, Jonas and Hall traveled to American Cash Exchange, a dealer in firearms, in Manhattan, Kansas;

14. On April 3, 2019, at or about 11:11:52 a.m., Jonas entered American Cash Exchange.

15. On April 3, 2019, at or about 11:12:12 a.m., Hall entered American Cash Exchange.

16. On April 3, 2019, between at or about 11:12:12 a.m. and 11:43:40 a.m., Hall manipulated multiple firearms. Jonas handled firearms and asked for Hall's opinion on what he thought about them.

17.     On April 3, 2019, at or about 11:43:40 a.m. Hall and Jonas depart American Cash Exchange.

18.     On April 3, 2019, at or about 11:59:15 a.m. Hall and Jonas return to American Cash Exchange.  Thereafter Jonas executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473 identifying herself as the actual buyer of a .45 caliber, 1911 style, semi-automatic pistol.

19.     Hall assisted Jonas  execute the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473.

20.     All of the foregoing in violation of Title 18, United States Code, Section 371 with reference to Title 18, United States Code, Sections 2, 922(a)(6), and 924(a).

**COUNT 3**
**USE OF A COMMUNICATION FACILITY TO FACILITATE**
**A FELONY CONTROLLED SUBSTANCE OFFENSE**

21.     On or about December 7, 2018, in the District of Kansas, and elsewhere, the defendant,

**ERIC JEROME TUCKER,**

did knowingly and intentionally use any communication facility, to wit: Facebook Messenger, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 846, that is a conspiracy to distribute and possess with the intent to distribute mixtures and substances containing a detectable quantity of methamphetamine, all in violation of Title 21, United States Code, Section 843(b), with reference to Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

22. The allegations contained in paragraphs 1-21 of this Indictment are hereby re-alleged and incorporated by reference as if fully restated for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

23. Upon conviction for any of the offense in violation of Title 21, United States Code, Sections 846, as set forth in Count 1 of this Indictment, the defendants,

**PAIGE JONAS,
TREVONN HALL, and
ALYSSA HEDMON,**

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses.

24. If any of the property described above, as a result of any act or omission of the defendants:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property of the defendants pursuant to Title 21, United States Code, § 853(p).

**A TRUE BILL.**

August 21, 2019                  *s/Foreperson*
DATE                                FOREPERSON OF THE GRAND JURY

Skipper Jacobs #26848
for Stephen R. McAllister, #15845
UNITED STATES ATTORNEY
DISTRICT OF KANSAS
444 SE Quincy, Suite 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
Stephen.mcallister@usdoj.gov

[It is requested that trial be held in Topeka, Kansas.]